66  533
151  209

THE GRATWICK, SMITH & FRYER LUMBER COMPANY v.
BYRON R. LEWIS.

*Logs and logging—Lien for damage to land—Owner—Replevin—
Arbitration.*

Plaintiff replevied certain logs which were left by a river drive on
defendant's land, without any steps being taken to arbitrate
defendant's damages under Act No. 142, Laws of 1885, and
defendant was awarded damages, and a lien therefor was found
in his favor. The plaintiff raised the question of the constitu-
tionality of the provisions of the act providing for arbitration
proceedings to fix amount of damages.

*Held,* that the lien made out and found by the jury could not
be destroyed by the provision for arbitration proceedings, so long
as no arbitration was attempted, and that the constitutional
question was out of the case.

Error to Oscoda. (Tuttle, J.)  Argued June 15, 1887.
Decided June 23, 1887.

Replevin. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*O. E. M' Cutcheon,* for appellant.

*Markey & Hall,* for defendant.

CAMPBELL, C. J.  Plaintiff, a lumbering corporation, had
charge of the general drive on Au Sable river in the spring
of 1886, and a considerable number of logs got left on
defendant's land.  Plaintiff's agent went to get these logs,
and tendered $35 for damages to the land, which defendant
refused as inadequate, and ordered plaintiff's agent not to
remove the logs till the actual damages were paid.  Plaintiff
replevied.  On the trial, defendant proved damages to the
amount of $97.50, and a lien was so found in his favor.

Upon the trial, plaintiff's attorney asked under what law

defendant claimed a lien, and was answered under Act No.
142 of the Laws of 1885. Plaintiff claimed that law was
unconstitutional. The court below held that it created a
valid lien, but expressed some doubt as to a part of its pro-
visions, and allowed the recovery.

The only questions argued by plaintiff's counsel in this
Court related to the arbitration provisions of the law of
1885. These were, in substance, that, if the parties did not
agree upon the amount of damages, they might arbitrate,
and that, if they could not agree on arbitrators, either might
notify the other to appear before a justice, who should select
eighteen names of freeholders, from whom, by alternate
action, each should strike off a name in succession, the mov-
ing party beginning, until three names were left. These
three were to act in the usual manner of arbitration, and
their award was to become a judgment, and be enforced,
subject to statutory appeal. Certain further provisions as to
unclaimed logs need not be referred to. These last provi-
sions are not changed substantially from the old law, except
as to the time of proceeding to remove, and in some matters
involving no new principle.

In the case before us the defendant did not resort to the
arbitration proceedings, and plaintiff replevied before any
steps were taken to fix the damages.

Under these circumstances, we think defendant's counsel
was right in claiming that the constitutional question became
unimportant. The act of 1879, of which the act of 1885 is
amendatory to section 10, contained a provision for bonding
logs by the log-owner, and for proceedings to have them sold
in case no removal was made or attempted by the owner, as
well as for notice to owners to remove logs; and that section
concluded with a provision creating a lien on the logs for
damages. The act of 1885 contains some new provisions
upon the time of removal, and the steps to be taken by the
land-owner, but they do not differ in principle from the law

of 1879.   The only change in the substantial manner of action where the log-owner proceeds to get his logs is in reference to the arbitration.   If this should be stricken out, it would leave the log-owner to his common-law remedy by replevin, and, if the whole act of 1885 should fall, it would still leave the law of 1879 in force.   Both of these provide for a lien for the damages, and, as it is the same under both laws, it is immaterial which is followed.   Under our replevin laws no special plea or notice of lien is necessary.   If the facts made it out, the judgment may be given for it.   This is evidently the view which satisfied the judge that the lien might be enforced, and we can see no reason why it should not be.

It seems to us that the lien made out and found by the jury could not be destroyed by the provision for arbitration proceedings, so long as no arbitration was attempted, and that question is out of the case.

The judgment must be affirmed.

The other Justices concurred.